UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No.  EDCV 26-03317-MWF (SP)**                **Date:  June 17, 2026**

Title:      Nshan Ayanian v. Todd M. Lyons, et al.

Present:    The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  Deputy Clerk:<br>Rita Sanchez  |  Court Reporter:<br>Not Reported  |
|---|---|
|  Attorneys Present for Plaintiff:<br>None Present  |  Attorneys Present for Defendant:<br>None Present  |

**Proceedings (In Chambers):**          ORDER DISMISSING PETITION [1]; DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [2]; ENTRY OF JUDGMENT

Before the Court is Petitioner Nshan Ayanian's Petition (Docket No. 1) and Ex Parte Application for Temporary Restraining Order ("TRO") filed on June 15, 2026. (Docket No. 2 (the "Application")).  Respondents filed an Opposition to the Application on June 17, 2026.  (Docket No. 10).

The Petition is **DISMISSED** *without prejudice* for lack of jurisdiction, and the Application is **DENIED** *as moot*.  The Court has an independent obligation to evaluate its jurisdiction over this habeas action.  Because Petitioner's claims complain of the conditions of confinement rather than the fact or duration of detention, the Court lacks habeas jurisdiction over Petitioner's claims.

I.      **BACKGROUND**

Petitioner was born in the Armenian Soviet Socialist Republic in 1969 and entered the United States in 1996.  (Petition (Docket No. 1) ¶¶ 13–14).  His asylum application was denied, and he was granted voluntary departure in 2001.  (*Id.* ¶ 15).  The BIA dismissed his appeal in 2003, and Respondents thereafter detained Petitioner for approximately six months and then released Petitioner on an order of supervision. (*Id.* ¶ 16).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL

**Case No.  EDCV 26-03317-MWF (SP)**          **Date:  June 17, 2026**

Title:       Nshan Ayanian v. Todd M. Lyons, et al.

On April 29, 2026, immigration authorities arrested Petitioner at a routine check-in with U.S. Immigration and Customs Enforcement ("ICE").  (*Id.* ¶ 17).  On May 4, 2026, Petitioner filed a habeas petition in this Court challenging the lawfulness of that re-detention.  (*Id.* ¶ 19); *see also Ayanian v. Lyons, et al.*, Case No. EDCV 26-02352-MWF (SP) (the "Prior Action").  Respondents in that action later filed a notice indicating that travel documents had been obtained from Armenia and that Petitioner had been scheduled for removal.  (Petition ¶ 20; Prior Action, Docket No. 12).  Petitioner then filed an ex parte application for a temporary restraining order seeking to stay his removal pending adjudication of the Prior Action.  (Prior Action, Docket No. 13).

On May 21, 2026, Magistrate Judge Sheri Pym issued a Report and Recommendation ("R&R") recommending denial of the underlying petition in the Prior Action and denial of the TRO application as moot.  (Prior Action, Docket No. 15).  The R&R concluded that Respondents had complied with the regulations governing revocation of Petitioner's release on an order of supervision; that Petitioner's re-detention without a bond hearing did not violate procedural due process; and that although Respondents were required to obtain a warrant before re-detaining Petitioner, no habeas remedy was available for that issue in the Prior Action.  (*See generally id.*).  This Court accepted the R&R in full and entered judgment.  (Prior Action, Docket Nos. 17–18).

Respondents later notified Petitioner that his removal date had been rescheduled to June 18, 2026.  (Petition ¶ 22).  On June 15, 2026, Petitioner filed this new habeas action and TRO Application.  (*See generally* Petition; Application).

Petitioner's new allegations focus on his Medical Records dated October 4, 2025, which are attached to his Petition.  (Petition, Ex. 3).  Petitioner alleges that he participated in a "CT study" on September 30, 2025, which revealed bilateral adrenal masses that were "indeterminate by density measurement," and that his doctor recommended an MRI or CT follow-up.  (Petition ¶ 23).  The same records allegedly noted a "suspected" aortic aneurysm and that Petitioner had experienced "chest pain,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL


**Case No.  EDCV 26-03317-MWF (SP)**              **Date:  June 17, 2026**

Title:        Nshan Ayanian v. Todd M. Lyons, et al.

proximal bilateral arm weakness and paraesthesias." (*Id.*).  Petitioner also alleges that an MRI dated October 2, 2025, showed degenerative disc disease.  (*Id.* ¶ 24).

In the last two weeks preceding the filing of the Application, Petitioner alleges he has been "experiencing severe chest pains in addition to difficulty swallowing water." (*Id.* ¶ 25).  Petitioner states that "[d]espite expressing these complaints to facility contractors, Petitioner has not been treated and is continuing to suffer." (*Id.*).  Petitioner fears being forced "to travel while potentially suffering from serious medical complications of his previously diagnosed medical condition." (*Id.* ¶ 26).

Based on these allegations, Petitioner asserts the following two claims: (1) Fifth Amendment – Due Process – Denial of Medical Care; and (2) Violation of Mandatory Agency Procedures – *Accardi*.  (*Id.* ¶¶ 29–37).

## II.    **DISCUSSION**

The Court has an independent obligation to determine its subject matter jurisdiction over claims for habeas relief.  *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (noting this responsibility in the habeas context).

Habeas relief is generally not available for challenges to conditions of confinement, which should instead be challenged in a civil rights action or under the Federal Tort Claims Act.  *See Pinson v. Carvajal*, 69 F.4th 1059, 1075 (9th Cir. 2023) (holding that the court lacked jurisdiction to consider a habeas petition seeking release due to inadequate medical care).  Instead, "the writ of habeas corpus is limited to attacks upon the legality or duration of confinement." *Id.* at 1065 (quoting *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979)).

Here, Petitioner's claims do not provide a basis for habeas corpus relief because they are concerned with the conditions of his confinement, not the length or fact of custody.  Petitioner summarizes his claims as "the denial of constitutionally adequate medical care and the violation of mandatory pre-removal medical-clearance procedures." (Petition ¶ 28).  But Petitioner does not explain how release would be "***legally required***" if he proved these claims.  *See Pinson*, 69 F.4th at 1072 (emphasis

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 26-03317-MWF (SP)**                **Date:  June 17, 2026**

Title:       Nshan Ayanian v. Todd M. Lyons, et al.

in the original).  He instead complains only of "the conditions of confinement" and "the manner in which his custody is being executed," contending that "those conditions put him at substantial risk of suffering serious harm."  (Petition ¶¶ 31, 37).

Petitioner's claims therefore do not provide a basis for habeas corpus relief and the Court lacks jurisdiction to adjudicate this Petition.  *See Moya v. Blanche*, No. 2:26-CV-00675-APG-DJA, 2026 WL 1481604, at *9 (D. Nev. May 27, 2026) (dismissing immigration detainee's claim for inadequate medical care under Fifth Amendment for lack of habeas jurisdiction); *Boscan v. Becerra*, No. 1:26-CV-00651-KES-SAB, 2026 WL 310093, at *2 (E.D. Cal. Feb. 5, 2026) (denying motion for TRO "[b]ecause petitioner's claims concern the quality of care provided during detention, rather than the legal basis for detention itself").

Accordingly, the Petition is **DISMISSED** *without prejudice*, and the Application is **DENIED** *as moot*.

IT IS SO ORDERED.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.